**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| DAMIAN WHITE, ) | No. CV-10-607-TUC-CKJ |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| NATIONAL CREDIT SYSTEMS, INC. ) | |
| and MORRISON, EKRE & BART ) | |
| MANAGEMENT SERVICES, INC., ) | |
| ) | |
| Defendants. ) | |
| ) | |

Pending before the Court is Plaintiff's Motion for Sanctions [Doc. 20] and Motion to Dismiss Defendant MEB's Amended Counterclaim [Doc. 23].[1] On January 25, 2011, Defendant MEB filed its Response to Motion to Dismiss MEB's Amended Counterclaim [Doc. 26]. Plaintiff has filed his reply. In its discretion, the Court finds this case suitable for decision without oral argument. *See* LRCiv. 7.2(f). The Parties have adequately presented the facts and legal arguments in their briefs and supporting documents, and the decisional process would not be significantly aided by oral argument.

---

[1] Plaintiff initially filed a Motion to Dismiss Counterclaim [Doc. 12]; however, Defendant MEB subsequently filed its Amended Counterclaim [Doc. 14]. This amendment was timely filed pursuant to Rule 15(a)(1), Federal Rules of Civil Procedure. As such, Plaintiff's initial Motion to Dismiss [Doc. 12] is now moot. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992) (an amended complaint supersedes the original complaint and after amendment the court will treat the original complaint as nonexistent).

## I.     FACTUAL BACKGROUND

Plaintiff's claims arise from a lease agreement at the Summit Ridge Complex located at 1252 South Craycroft Road, Tucson, Arizona 85711. Pl.'s Compl., Exh. "A" to Defendant's Notice of Removal [Doc. 1]. Plaintiff signed a written lease agreement regarding his occupancy at the subject property. Def. MEB's Amended Counterclaim [Doc. 14]. Defendant MEB was the property manager for the Summit Ridge complex. Pl.'s Compl. [Doc. 1] at ¶ 10.

On May 24, 2009 at approximately 10 p.m., a fire was started on the stove in the apartment, allegedly causing $2,007.00 in damages to the apartment. *Id.* at ¶ 11. Plaintiff and Defendant MEB dispute who is responsible for the cost of repairing the apartment. Plaintiff filed his Complaint in state court claiming that the debt is void and alleging a defamation claim against Defendant MEB for false reporting of the debt to a collections agency. *Id.* Defendant National Credit Systems, Inc. removed this cause of action based upon federal question jurisdiction, 28 U.S.C. § 1331, arising from the claims brought pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*

Defendant MEB filed its counterclaim against Plaintiff alleging a breach of the signed lease agreement. Def. MEB's Amended Counterclaim [Doc. 14]. Defendant MEB avers that Plaintiff was responsible for any damages to the unit, and by failing to pay for such damage, Plaintiff breached the lease agreement. Plaintiff seeks dismissal of the counterclaim, and sanctions pursuant to Rule 11, Federal Rules of Civil Procedure.

## II.    STANDARD OF REVIEW

The matter currently pending before the Court is Plaintiff's motion to dismiss Defendant MEB's counterclaim for failure to state a claim upon which relief can be granted. A complaint is to contain a "short and plain statement of the claim showing that the pleader is entitled to relief[.]" Rule 8(a), Fed. R. Civ. P. While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, – U.S. –, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory

- 2 -

statements, do not suffice." *Id.* Dismissal is appropriate where a plaintiff has failed to "state a claim upon which relief can be granted." Rule 12(b)(6), Fed. R. Civ. P. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft*, 129 S.Ct. at 1949 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007)). Further, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citations omitted). Additionally, the Court takes "all allegations of material fact as true and construe[s] them in the light most favorable to the nonmoving party." *Parks School of Business, Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995) (citations omitted).

**III.  ANALYSIS**

*A. Motion to Dismiss*

Plaintiff avers that Defendant MEB has failed to state a claim for breach of contract based upon the doctrine of impossibility.[2] In Arizona, "to state a claim in contract, the complaint must disclose an agreement, a right thereunder in the party seeking relief and a breach by the defendant." *City of Tucson v. Superior Court of Pima County*, 116 Ariz. 322, 324, 569 P.2d 264, 266 (Ct. App. 1977). "Ordinarily, a court may only look at the face of the complaint to decide a motion to dismiss." *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002). Although the doctrine of "incorporation by reference" allows the Court to look beyond the pleadings, *e.g.,* those documents either attached to the complaint or public record, without converting the motion to dismiss to one for summary judgment; the referenced documents must be accepted by all parties as authentic. *Id.*

---

[2] In his reply brief, Plaintiff also asserts that the lease agreement is a contract of adhesion and therefore unforceable as to him. The Court declines to address this argument, but notes that it fails for the same reason as Plaintiff's other arguments. Graves v. Arpaio, 623 F.3d 1043,1048 (arguments raised for the first time in reply are deemed waived).

- 3 -

Here, Defendant MEB's counterclaim alleges a lease agreement, a breach of one of the provisions of that agreement by Plaintiff and subsequent damage to MEB. Plaintiff's reliance on the police report to allege that Plaintiff had nothing to do with the fire and therefore could not have breached the lease agreement is inadequate for purposes of a motion to dismiss. Although entries in a police report based on an officer's personal observations may be admissible, other statements are inadmissible hearsay. *Colvin v. U.S.*, 479 F.2d 998, 1003 (9th Cir. 1993). Plaintiff's argument that he did not breach the lease agreement due to impossibility is premised upon the fact that he had nothing to do with starting the fire, but Defendant MEB disputes this fact. Additionally, discovery has not yet begun in this case. The Court finds that because Defendant MEB has stated a claim, and there are disputed facts surrounding that counterclaim, dismissal is inappropriate at this time. Accordingly, Plaintiff's Motion to Dismiss is denied.

*B. Motion for Sanctions*

Plaintiff seeks sanctions pursuant to Rule 11, Fed. R. Civ. P., against Defendant MEB for the filing of its counterclaim. As with his motion to dismiss, Plaintiff relies on the doctrine of impossibility and the police and fire reports to assert that Defendant MEB's claim is baseless. As discussed previously, although Defendant MEB's claims may be unsustainable upon further discovery, at this juncture it has stated a valid cause of action. As such, sanctions are unwarranted and Plaintiff's motion for sanctions is denied.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion for Sanctions [Doc. 20] is DENIED. IT IS FURTHER ORDERED that Plaintiff's Motion to Dismiss Defendant MEB's Amended Counterclaim [Doc. 23] is DENIED.

DATED this 14th day of September, 2011.

_____
Cindy K. Jorgenson
United States District Judge